IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN DIANE TORRES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | No.  2:18-CV-02908-DMC<br><br><br><br>ORDER |

　　　　　Plaintiff, who is proceeding with retained counsel, brought this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Final judgment has been entered. Pending before the Court is Plaintiff's counsel's motion for an award of attorney's fees under the Equal Access to Justice Act (EAJA) in the total amount for work done on this case through the Court's remand order of $29,649.34 at a rate of $217.54 per hour. See ECF No. 36. Defendant has filed an opposition. See ECF No. 37. Plaintiff has filed a reply. See ECF No. 38. In Plaintiff's counsel's reply, counsel concedes that the original request should be reduced by $325.00, accounting for 2.5 paralegal hours billed at $130.00 per hour for formatting Plaintiff's brief. See ECF No. 38. In the reply, counsel seeks an additional $2,610.48 for time spent associated with the pending fee motion, review of Defendant's opposition, and preparation of a reply thereto. See id.  Counsel seeks a total award of $31,934.82 in fees.

## I. STANDARDS FOR EAJA MOTION

Because this Court issued a remand pursuant to sentence four of 42 U.S.C. § 405(g), plaintiff is a prevailing party for EAJA purposes. See Flores v. Shalala, 42 F.3d 562 (9th Cir. 1995). Under the EAJA, an award of reasonable attorney's fees is appropriate unless the Commissioner's position was "substantially justified" on law and fact with respect to the issue(s) on which the court based its remand. 28 U.S.C. § 2412(d)(1)(A); see Flores, 42 F.3d at 569. No presumption arises that the Commissioner's position was not substantially justified simply because the Commissioner did not prevail. See Kali v. Bowen, 854 F.2d 329 (9th Cir. 1988). The Commissioner's position is substantially justified if there is a genuine dispute. See Pierce v. Underwood, 487 U.S. 552 (1988). The burden of establishing substantial justification is on the government. See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

In determining substantial justification, the Court reviews both the underlying governmental action being defended in the litigation and the positions taken by the government in the litigation itself. See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). For the government's position to be considered substantially justified, however, it must establish substantial justification for both the position it took at the agency level as well as the position it took in the district court. See Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1998). Where, however, the underlying government action was not substantially justified, it is unnecessary to determine whether the government's litigation position was substantially justified. See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988). "The nature and scope of the ALJ's legal errors are material in determining whether the Commissioner's decision to defend them was substantially justified." Sampson v. Chater, 103 F.3d 918, 922 (9th Cir. 1996) (citing Flores, 49 F.3d at 570). If there is no reasonable basis in law and fact for the government's position with respect to the issues on which the court based its determination, the government's position is not "substantially justified" and an award of EAJA fees is warranted. See Flores, 42 F.3d at 569-71. A strong indication the government's position was not substantially justified is a court's "holding that the agency's decision . . . was unsupported by substantial evidence. . . ." Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).

1  Under the EAJA, the Court may award "reasonable attorney's fees," which are set at the market rate. See 28 U.S.C. § 2412(d)(2)(A). The party seeking an award under the EAJA bears the burden of establishing the fees requested are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Atkins v. Apfel, 154 F.3d 988 (9th Cir. 1998); see also 28 U.S.C. § 2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court an application for fees and other expenses which shows . . . the amount sought, including an itemized statement from any attorney . . . stating the actual time expended"). The Court has an independent duty to review the evidence and determine the reasonableness of the fees requested. See Hensley, 461 U.S. at 433, 436-47. The "court can impose a reduction of up to 10 percent – a 'haircut' – based purely on the exercise of its discretion and without more specific explanation." Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) (per curiam) (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008)). A reduction of more than 10% requires specific findings regarding the unreasonableness of the amount reduced. See id.

Finally, in most cases fees awarded under the EAJA are payable directly to the client, not counsel. See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

## II. DISCUSSION

Because the Commissioner has not raised any argument related to substantial justification, the Commissioner has not carried his burden in this regard and the Court concludes that Plaintiff's position was substantially justified. The Court below considers only the reasonableness of the fees requested.

The Commissioner has filed an opposition to Plaintiff's counsel's EAJA fees motion arguing that the Court should award only $15,635.15. See ECF No. 37, pg. 11. According to the Commissioner, the following reductions should be ordered: (1) $3,611.17 for billing related to a Ninth Circuit appeal on the issue of malingering; (2) $9,214.99 for block-billing, excessive document review, and excessive research for preparation of the appellate opening brief; and (3) $1,188.03 for clerical tasks. See id. The Commissioner further argues that, should the Court agree with the foregoing arguments, the Court should not allow additional

billing for an unnecessary reply brief in support of an EAJA fees award. See id. at 9. In addition to these issues, the Court will also independently review the appropriateness of the claimed rate of $130.00 per hour for Plaintiff's counsel's paralegal.

### A. Paralegal Hourly Rate

The invoices attached to Plaintiff's counsel's motion indicate that counsel's paralegal, Mr. Ragnes, billed a total of 43.5 hours for Mr. Ragnes' time (31.7 hours in invoice 182 and 11.8 hours in invoice 183). See ECF No. 36-2.

Plaintiff's counsel has billed a total of 43.5 hours at a rate of $130.00 per hour for his paralegal Mr. Ragnes. See ECF No. 36-2. This Court has examined Mr. Ragnes's education and experience, including his law degree, and finds that $130.00 per hour is appropriate. Therefore, no reduction of the requested paralegal hourly rate will be imposed.

### B. Billing Related to Ninth Circuit Appeal

The Commissioner raises two arguments related to the Ninth Circuit appeal in this case. First, the Commissioner argues that Plaintiff's counsel spent too much time of his appellate reply brief on an issue – malingering – that was neither addressed nor defended by the Commissioner on appeal. See ECF No. 37, pgs. 4-5. Second, the Commissioner contends that, due to counsel's practice of "block-billing," the fees associated generally with preparation of the appellate opening brief are unreasonable. See id. at 6-8.

#### 1. Appellate Opening Brief

Focusing first on the appellate opening brief, the Commissioner argues that time should be disallowed because Plaintiff's counsel engaged in block billing. See ECF No. 37, pgs. 6-8. According to the Commissioner:

> So, we do not know how long Plaintiff's counsel spent reviewing the administrative transcript because his time spent is embedded within block billing. Notwithstanding that fact, he argues that his requested fees are reasonable because the transcript in this case is over 1200 pages with 900 pages of medical records (Doc. 36 at 15).

ECF No. 37, pg. 6-7.

Plaintiff's counsel billed a total of 74.1 hours in total to review the record, perform research, and prepare the opening brief on appeal to the Ninth Circuit. See ECF No. 36-2, pgs. 1-

12. The Commissioner proposes to reduce the hours billed for record review by 42 hours. See ECF No. 37, pg. 8. As a preface, the Commissioner argues that time should be disallowed because Plaintiff's counsel engaged in block billing. See id. at 6.

Block billing, which is a practice whereby an attorney reports multiple tasks in the same matter as a single block of time, is disfavored "because block billing makes it more difficult to determine how much time was spent on particular activities." Welch v. Metro.Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007). The Commissioner identifies specific instances in which Plaintiff's counsel documented his hours in block format, such as the entries for time related to record review. Given this practice, it is impossible to determine if fees requested are reasonable.

The Court has reviewed Plaintiff's counsel's billing invoices, which are attached to the pending motion for EAJA fees. See ECF No. 36-2. In reviewing counsel's entries, the Court observes that, for even multiple hours of time reported in a single entry, the descriptions are relatively short and not related to a specific task. See id. Given this practice, it is impossible to evaluate the reasonableness of fees requested for preparation of the opening brief on appeal. The Court will exercise its discretion to reduce the hours associated with Plaintiff's appellate opening brief by 10%, or 7.4 hours, resulting in a reduction of $1,609.80 at counsel's rate of $217.54 per hour.

Given that the block-billing practice extends beyond preparation of Plaintiff's opening brief on appeal and is persistent through counsel's invoice for this case, the Court will further exercise its discretion to reduce the total award requested minus reductions discussed herein by an additional 10%.

        2.    Appellate Reply Brief

The Commissioner notes that "almost half of Plaintiff's Ninth Circuit reply brief," and "almost half of his (Plaintiff's counsel's) time at oral argument" were dedicated to this Court's finding on malingering that was not defended by the Commissioner on appeal in the answering brief. Id. at 4-5. Defendant argues that "the Commissioner explicitly declined to litigate the issue in the appellate court" and that arguing this particular issue was "unnecessary."

Id. at 5. The Commissioner requests the fees for the time spent on the appellate reply brief and oral argument be reduced by 50%, which amounts to a 16.6-hour reduction in billed hours or $3,611.16 at counsel's rate of $217.54 per hour. See id.

The Court finds the Commissioner's argument unpersuasive. Defendant correctly cites to the reasonableness standard as established by the Supreme Court in Hensley. See id. However, the Supreme Court in Hensley held:

> [L]itigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not sufficient reason for reducing a fee. The result is what matters.
>
> Hensley, 461 U.S. 424 at 435.

As concluded in Hensley, simply because a court does not address one legal theory that was litigated by either side, does not render it unreasonable for a litigant to do so. See Hensley, 461 U.S. 424 at 435; see also Moreno v. City of Sacramento, 534 F.3d 1106, 1112-13 (9th Cir. 2008) (determining that duplicative work to some extent is required throughout the course of litigating a matter on appeal). Here, Plaintiff's counsel took advantage of the last written and oral word with the appellate panel to raise the issue of malingering, which was a valid tactic regardless of whether the government declined to argue the point.

/ / /

    **C.**    **Clerical Tasks**

The Commissioner argues that time billed by Plaintiff's counsel and counsel's paralegal for clerical tasks should be disallowed. See ECF No. 37, pgs. 8-9. According to the Commissioner:

> Plaintiff's counsel requested fees for .8 attorney hours for seeking his own extension of time for filing his Ninth Circuit opening brief (Mr. Weems entry 2/16/21). Plaintiff's counsel also requested fees for 5.3 paralegal hours for a conference with Mr. Ragnes to discuss "key documents folder," preparing the excerpts of record folder and reviewing court rules (Mr. Ragnes entries 1/14/21, 1/15/21). Plaintiff also had to correct his Ninth Circuit opening brief because it was not formatted correctly (Ninth Cir. Dkt. 11). He then requested fees for part of 2.5 paralegal hours to "repaginate excerpts of record; update cross-references in brief for compliance with clerk's notice" (Mr. Ragnes entry 3/7/21). . . . Furthermore, the government should not have to pay for mistakes made

because Plaintiff's counsel did not follow the formatting rules or because Plaintiff's counsel required more time to file his opening brief. The Commissioner requests a reduction of 7.8 paralegal hours (billed at $130/hr) and .8 attorney hours or $1,188.03 from the total amount of EAJA fees requested.

ECF No. 37, pgs. 8-9.

Filing and document organization time is generally considered clerical. See Nadarajah v. Holder, 569 F.3d 906 (9th Cir. 2009). This time should be subsumed in office overhead and not billed at paralegal rates. See id. Tasks such as preparing, reviewing, proofreading, downloading, or filing documents contain some elements of clerical duties and warrant reduction in requested fees. See Torrez v. Astrue, 2010 WL 2891541, at *2 (C.D. Cal. 2010). As to the 2.5 hours billed by the paralegal to comply with Ninth Circuit formatting requirements, Plaintiff's counsel concedes that amount should be reduced and has withdrawn that amount from the request. The Court will, however, deduct an additional $174.03 representing the 0.8 hours Plaintiff counsel expended at his rate of 217.54 per hour to correct the appellate brief.

The Court does not find the Commissioner's argument relating to an additional 5.3 hours spent by counsel's paralegal to prepare the excerpts of record on appeal to be persuasive. This paralegal time was spent in conference with lead counsel concerning assembly of the excerpts of record on appeal, which is a substantive task. As such, the Court does not agree with the Commissioner that this time is necessarily clerical in nature.

**D.   Reply Brief**

The Commissioner argues:

> The Commissioner anticipates that Plaintiff's counsel will submit an EAJA reply brief. If and when he files such a brief, he must demonstrate that the time spent preparing that brief was reasonable. If this Court agrees with the Commissioner's arguments in this Opposition, the Court should disallow fees for time spent on any reply brief. *See INS v. Jean*, 496 U.S. 160, 163 n.10 (1990) ("fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation"). Indeed, billing for a potentially lengthy and unreasonable EAJA reply would simply afford Plaintiff's counsel the chance to increase the total hours and fees in this case, when an increase is unwarranted.

ECF No. 37, pg. 9.

As discussed above, while the Court finds that some reductions are warranted, the Court has not largely accepted the Commissioner's objections to Plaintiff's counsel's fee request. Therefore, the reply brief was justified and, absent more specified objections from defense counsel, will allow fees associated with the EAJA motion as requested, including those fees associated with the reply brief.

### III.  CONCLUSION

Plaintiff's counsel's motion requests payment of EAJA fees directly to counsel. Counsel is not normally entitled to direct receipt of fees under the EAJA, so that the government may offset the payment with the plaintiff's debt. See Astrue v. Ratliff, 560 U.S. 586, 598 (2010). Since the decision in Ratliff, many courts in this district have authorized payment of fees under the EAJA directly to Plaintiff's counsel. See e.g., Nobles v. Berryhill, 2017 U.S. Dist. LEXIS 172075 (E.D. Cal. 2017), Alvarado v. Comm'r of Soc. Sec., 2018 U.S. Dist. LEXIS 118354 (E.D. Cal. 2018), Blackwell v. Astrue, 2011 U.S. 35744 (E.D. Cal 2011).  These payments directly to counsel are based upon the government's discretionary ability to reject assignment of any claims against it to third parties under the Anti-Assignment Act. See United States v. Kim, 806 F.3d 1161, 1169-70 (9th Cir. 2015).  This discretionary ability to reject assignment of claims "applies to an assignment of EAJA fees in a social security appeal." Yesipovich v. Colvin, 166 F.Supp.3d 1000, 1011 (N.D. Cal. 2015).  Mr. Weems has furnished his agreement with Plaintiff providing that he be paid any EAJA fees directly, minus any offset due to any potential outstanding debt by Plaintiff.   Because the government has not challenged this assignment, may still offset any of Plaintiff's debt, and may discretionarily reject the assignment, EAJA fees will be made payable to counsel.

Counsel has requested a total award of $31,934.82 in fees.  As discussed above, the Court imposes the following reductions: (1)  $174.03 for clerical tasks; and (2) $1,609.80 associated with inappropriate block billing and issues related to appeal billing.  These reductions total $1,783.83, reducing the payment at issue to $30,150.99.  As indicated above, the Court imposes a further reduction of 10% of the remaining balance, which totals an additional reduction

of $3015.09. This Court accordingly orders total deductions in the amount of $4798.92, and the Court will accordingly award Plaintiff $27,135.90 in fees.

        Accordingly, IT IS HEREBY ORDERED as follows:

        1.     Plaintiff's motion for an award of fees under the EAJA, ECF No. 36, is GRANTED in part.

        2.     Plaintiff is awarded $27,135.90 in fees, payable to Plaintiff's counsel subject to any offset of debts.

Dated: January 31, 2024

                                      DENNIS M. COTA
                                      UNITED STATES MAGISTRATE JUDGE